# IN THE COURT OF APPEALS OF IOWA

No. 17-0269
Filed September 27, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CODY C. HAMMER,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Clinton County, Nancy S. Tabor and Mark R. Lawson, Judges.

A defendant appeals the district court's imposition of a consecutive sentence. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Stephan J. Japuntich, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Kyle Hanson, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., and Potterfield and Mullins, JJ. Tabor, J., takes no part.

**VOGEL, Presiding Judge.**

### I.      Background Facts and Proceedings

Cody Hammer pled guilty to third-degree sexual abuse, in violation of Iowa Code sections 709.1(1) and 709.4(1)(a) (2014), domestic abuse assault by impeding airflow, in violation of section 708.2A(5), and false imprisonment, in violation of section 710.7.  The facts supporting Hammer's guilty plea included Hammer placing his ex-girlfriend in a choke-hold and binding her hands and feet together using zip-ties.  The victim was able to free herself and instructed Hammer to leave so as not to upset her young child.  When the victim went downstairs to do laundry, Hammer followed and sexually assaulted her.

The district court imposed a sentence, including concurrent and consecutive sentences, which amounted to a total of fifteen years in prison.  Hammer appeals claiming the court erred by considering his pretrial-release revocation and failing to consider mitigating circumstances.

### II.      Scope of Review

> [T]he decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters.  An abuse of discretion will not be found unless we are able to discern that the decision was exercised on grounds or for reasons that were clearly untenable or unreasonable.

*State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).

### III.      Sentencing

The district court should "state on the record its reason for selecting the particular sentence."  Iowa R. Crim. P. 2.23(3)(d).  "This requirement includes giving reasons for imposing consecutive sentences."  *State v. Barnes*, 791

N.W.2d 817, 827 (Iowa 2010). The reasons need not be detailed, though "at least a cursory explanation must be provided to allow for appellate review." *Id.* The court considers a host of factors including nature of the offense, the attending circumstances, the age, character and propensity of the offender, and the chances of reform. *Formaro*, 638 N.W.2d at 725.

At the sentencing hearing, the district court considered the evidence presented, including the aggravated nature of the assault and the presence of a young child; Hammer's criminal history, including a pretrial-release revocation; and witness statements. The State recommended the sentences run consecutively, the imposition of lifetime supervision, and a five-year no contact order. The defense requested the sentences run concurrently. Regarding the option of consecutive sentences, the district court stated,

> The Court also notes that you have not performed well under pretrial release in this case. And the Court also takes that into consideration as a reason for the sentence.
> The reasons for consecutive sentences under count one and count two are again, the aggravated prolonged nature of this incident, the fact that it occurred in front—that you did these acts in front of a four-year-old child, and the Court believes that consecutive sentences are necessary for the protection of the victim in this case and also for the protection of the community.

The district court provided sufficient reasons to support its decision to impose consecutive sentences. The record establishes the district court heard from family members, who spoke to Hammer's character, in addition to accepting letters submitted on behalf of Hammer. There is no indication the district court did not consider these statements of family relations and circumstances during sentencing. *See State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995) ("We do not believe however, it is required to specifically acknowledge each claim of

mitigation urged by a defendant. Furthermore, the failure to acknowledge a particular sentencing circumstance does not necessarily mean it was not considered.").

Moreover, the record establishes Hammer's pretrial-release revocation was just one of a number of factors the court considered when determining consecutive sentences were appropriate. The court stressed the severity of the acts committed, the ongoing risk to the victim, and the need to protect the victim and the community. Hammer's inability to adhere to conditions of his pretrial release indicate an indifference to the legal system and court services. The court appropriately considered Hammer's pretrial revocation during sentencing. *See State v. Grey*, 514 N.W.2d 78, 79 (Iowa 1994) (finding no abuse of discretion when the sentencing court considered the defendant's prior record and the report of his pretrial release supervisor). Accordingly, we find no abuse of discretion and affirm the sentence imposed.

**AFFIRMED.**